

$400

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TIFFANY FIELDS<br>1302 West Cumberland Street<br>Apartment 1H<br>Philadelphia, PA 19132 : <br>: <br>: Plaintiff, : <br>: <br>v. : <br>: <br>OPEN SYSTEMS TECHNOLOGIES, INC. : <br>1818 Market Street<br>Suite 2510<br>Philadelphia, PA 19103 : <br>: <br>Defendant : | 18    2284<br><br>JURY DEMANDED<br><br>No.<br><br>FILED<br>MAY 31 2018<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

## CIVIL ACTION COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1.  Plaintiff, TIFFANY FIELDS (hereinafter "Plaintiff") is an adult individual residing at the above address.

2.  Defendant, OPEN SYSTEMS TECHNOLOGIES, INC. ("Defendant") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania.

3.  At all times material hereto, Defendant qualified as Plaintiff's employer under the Americans with Disabilities Act, the Family and Medical Leave Act and the Pennsylvania Human Relations Act ("PHRA").

4.  Plaintiff exhausted her administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act. (See Exhibit A, a



true and correct copy of a dismissal and notice of rights issued by the Equal Employment Opportunity Commission.)

5. This action is instituted pursuant to the Americans with Disabilities Act, the Pennsylvania Human Relations Act and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

9. On or about November 30, 2015, Defendant hired Plaintiff as a National Talent Acquisition Manager – Internal Recruiter.

10. Plaintiff's normal work schedule entailed her reporting to work at 9:00am each morning.

11. In March of 2016, Plaintiff was diagnosed with Bipolar Disorder and began treatment with Dr. Lisa Jacobs at Penn Behavioral Health.

12. While she was beginning treatment with Dr. Jacobs and undergoing medication adjustments, Plaintiff was experiencing medication side effects, namely that she was finding it impossible to report to work by 9:00am.

13. In December of 2016, Plaintiff completed a Request for Accommodation form and submitted it to Defendant's Human Resources Representative, Shannon Leneghan, requesting that she be allowed to begin work later, as her medications impacted her sleep-wake cycle and she has trouble waking up early.

14. Plaintiff received no response to her request for accommodation; however a few months prior to this, Defendant changed their attendance policy to reflect a "flexible work schedule" – essentially as long as an employee was working eight (8) hours a day, it was a flexible schedule.

15. Due to this change in attendance policy, and the fact that Defendant did not respond to her request for an accommodation, Plaintiff adjusted her own schedule to work around the medication side effects she continued to experience.

16. In February of 2017, Defendant's Manager, Rick Ryan, approached Plaintiff and complained about her schedule, stating she "needed to have a consistent schedule", despite Defendant's policy to the contrary.

17. As a result of the complaint, Plaintiff decided to submit an additional request for accommodation to Defendant.

18. In March of 2017, Plaintiff attended a meeting with Mr. Ryan and Ms. Leneghan, at which time Ms. Leneghan assured Plaintiff that due to Defendant's flexible work schedule policy, she did not need to complete or submit a reasonable accommodation request form to arrive later to accommodate her medications.

19. In May of 2017, Mr. Ryan again approached Plaintiff and told her she needed to start coming in to work no later than 10:00am.

20. Plaintiff explained that due to her disability and the medications she takes to manage her condition she is unable to come in that early.

21. Plaintiff completed a third accommodation form and submitted it to Ms. Leneghan.

22. Ms. Leneghan requested that Plaintiff provide medical documentation to support her need for the accommodation.

23. On May 30, 2017, Plaintiff provided Ms. Leneghan with a note from Dr. Jacobs outlining the fact that Plaintiff's Bipolar Disorder affects her sleep-wake cycle, and her medications cause sedation as a side effect, both of which make it impossible for Plaintiff to rise early in the morning.

24. Upon providing Defendant with this documentation, Ms. Leneghan told Plaintiff she was approved to have a work day beginning at 12:00pm.

25. Approximately two (2) weeks following this meeting, Ms. Leneghan asked Plaintiff how her schedule was working out.

26. Plaintiff stated that the schedule was fine.

27. Ms. Leneghan further questioned how Mr. Ryan felt about the schedule.

28. Plaintiff explained that she believed Mr. Ryan had a problem with her work schedule.

29. Ms. Leneghan stated that "there wasn't much [Mr. Ryan] could do about it" even if he did not like it.

30. Approximately two (2) weeks following this discussion, Plaintiff was approached by Mr. Ryan who advised he was unhappy with the number of calls Plaintiff was making, stating

that as she was in the office "when no one else was", she should be making at least twenty-five (25) calls per day.

31. To that point, Plaintiff had been making approximately the same number of calls she always had, which had never previously been an issue.

32. On July 6, 2017, Plaintiff returned from a previously-scheduled vacation, and was summoned to a meeting with another of Defendant's Human Resources representatives, Kim Sheppard.

33. Ms. Sheppard told Plaintiff that she was being terminated because the "back office positions" were being moved to Defendant's New York location.

34. Plaintiff's position was not a "back office position", which are generally the support positions.

35. While other regional employees were terminated, no national staff member other than Plaintiff was terminated.

36. Plaintiff was neither offered to be transferred to the New York office where her position was supposedly being transferred to, nor was she offered a position at Defendant's sister company, Open Systems Healthcare, an opportunity usually offered to employees when positions were being moved.

37. Following her termination, Plaintiff observed two (2) job postings for an Internal Recruiter in both Defendant's New York and New Jersey offices.

38. Prior to her diagnosis and her need to request an accommodation, Plaintiff had no complaints or issues with respect to her work with Defendant.

39. Defendant's motivation for terminating Plaintiff was the fact that she required an accommodation for her disability.

40. At all times material, Defendant through its employees was hostile to Plaintiff's disability.

41. As a direct and proximate result of Defendant's conduct in terminating Plaintiff, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

### III. Causes of Action.

#### COUNT I – TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
#### (42 U.S.C.A. § 12101 et seq)

42. Plaintiff incorporates paragraphs 1-41 as if fully set forth at length herein.

43. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,, an employer may not discriminate against an employee based on a disability.

44. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

45. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

46. At all times material hereto, Plaintiff had a qualified disability, as described above.

47. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

48. As stated above, Defendant failed to engage in a meaningful back and forth discussion of Plaintiff's disability and failed to reasonably accommodate her disability.

49. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

50. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

51. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys fees and court costs.

### COUNT II – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### (43 P.S. § 955)

52. Plaintiff incorporates paragraphs 1-51 as if fully set forth at length herein.

53. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

54. Plaintiff is a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

55. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

56. At all times material hereto, Plaintiff had a qualified disability, as described above. Plaintiff's disability profoundly interfered with her day to day life activities.

57. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

58. Defendant failed to accommodate Plaintiff's disability.

59. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as personal injury, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

60. As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

61. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

## IV. Relief Requested.

**WHEREFORE,** Plaintiff, TIFFANY FIELDS, demands judgment in her favor and against Defendant, OPEN SYSTEMS TECHNOLOGIES, INC. in an amount in excess of $150,000.00 together with:

- A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

- B. Punitive damages;

C. Attorneys fees and costs of suit;

D. Interest, delay damages; and,

E. Any other further relief this Court deems just proper and equitable.

LAW OFFICES OF ERIC A. SHORE, P.C.

BY: _____
GRAHAM F. BAIRD, ESQUIRE
Two Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19110
Attorney for Plaintiff, Tiffany Fields

Date: 5/31/18

# EXH. A

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | From: |
|---|---|
| Tiffany Fields<br>1302 W. Cumberland Street, Apt 1H<br>Philadelphia, PA 19132 | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-03665 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Jamie R. Williamson*     3/5/18

Jamie R. Williamson,
District Director     *(Date Mailed)*

Enclosures(s)

cc: Donald Gamburg, Attorney at Law (for Respondent)
Graham F. Baird, Attorney at Law (for Charging Party)